IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>           Plaintiffs,<br><br>   vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>           Defendants. | CIVIL NO. 04 00256 (SOM) (BK)<br>(Other Civil Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

    This motion is to compel discovery of various documents relating to Defendant's claim handling and practices in Hawaii.

    A party is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter in the pending action." F.R.C.P. Rule 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence". Id. Relevance is broadly construed and determined in relation to the facts and circumstances of

each case. <u>Hall v. Harleysville Ins. Co.</u>, 164 F.R.D. 406, 407 (E.D. Pa. 1996). F.R.C.P. Rule 26 allows for the discovery of material which is relevant to the "claim or defense of any party".

The mere statement by a party that the discovery request was overly broad, burdensome, vague, and irrelevant is not adequate to voice a successful objection to a discovery request. <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982). Boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. <u>Burlington Northern & Santa Fe R.R. Co. v. U.S.D.C. for the District of Montana</u>, 403 F.3d 1142, 1149 (2005).

In this case, 19 year old Plaintiff Tiara Engle was injured in a major rear-end collision that totaled the truck she was a passenger in. See Appendix A. She sought medical care and treatment for neck and back injuries. When her medical provider, Plaintiff Portner Orthopedics, sought to obtain an MRI to try to diagnose the cause of her continuing pain and symptoms, Defendant sent Plaintiff Tiara Engle's medical records, without her consent, to a hired physician for a "records review". The hired physician, without asking to see the 19 year old injured female, predictably replied with a letter opinion that no MRI was needed, nor was further

treatment appropriate. Defendant denied payment of all further bills. Fortunately, Plaintiff Tiara Engle obtained the MRI anyway, although it has yet to be paid for. The MRI revealed she has a herniated disk in her back. Even after learning of the results of the MRI, Defendant refused to pay for the MRI or for the further medical treatment that followed. Plaintiff Portner Orthopedics' medical bills for treatment already rendered have also not been paid.

Plaintiffs have asserted that Defendant's denials of payments for Plaintiff Tiara Eengle's medical care were in bad faith, contrary to law, part of a program to improperly limit the payment of PIP expenses, and violative of Defendant's obligations to act in good faith and deal fairly with the injured claimant. One of the claims is for punitive damages. To pursue and prove punitive damage claims, Plaintiffs must conduct discovery so as to locate and acquire evidence that will be required to prove that punitive damages are warranted. Punitive damages are warranted when the Defendant's conduct has been shown to be reprehensible. Therefore, Plaintiffs must be allowed to conduct discovery that will allow her to locate and acquire evidence that will indicate the reprehensibility of Defendant's conduct. That is the type of discovery that has been requested herein, and to which Defendant has objected. In <u>State Farm Mutual</u>

3

<u>Automobile Insurance Company v. Campbell</u>, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2002), the United States Supreme Court addressed the proof a Plaintiff must present to support an award of punitive damages:

> "The most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *Gore*, 517 U.S., at 575, 116 S.Ct. 1589. We have instructed courts to determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery or deceit, or mere accident. *Id.*, at 576-577, 116 S.Ct. at 1589. The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect. It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. *Id.*, at 575, 116 S.Ct. 1589.

<u>Id</u>., 538 U.S. at 419, 123 S.Ct. at 1521.

Notably, Plaintiffs' discovery requests in this case are limited to Defendant's conduct regarding Hawaii claims. One of the problems with the punitive damages award against State

Farm in the Campbell decision was that proof was presented of State Farm's nationwide conduct. The Supreme Court held that a State does not generally have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside the State's jurisdiction. Id., 538 U.S. at 421, 123 S.Ct. at 1522. Hence, the discovery requests at issue are limited to the handling of Hawaii claims.

Plaintiffs' discovery requests are to obtain documents that will show the repeated conduct by Defendant to deny claimants statutory benefits. Plaintiffs seek documents and records that will show the number of times this Defendant has denied an injured Hawaii resident from PIP eligibility by paying for a letter report from a doctor who negatively opines about the condition of the injured person without ever examining the person. Repeated use of the same doctors will be shown. Frequent and repeated misconduct of the sort that has harmed Plaintiffs would be admissible to support a punitive damages award in this matter. One of the problems in the Campbell case was the lack of such evidence:

> The Campbells have identified scant evidence of repeated misconduct of the sort that injured them. Nor does our review of the Utah courts' decisions convince us that State Farm was only punished for its actions toward the Campbells. Although evidence of other acts need not be identical to have

5

> relevance in the calculation of punitive
> damages, the Utah court erred here because
> evidence pertaining to claims that had
> nothing to do with a third-party lawsuit was
> introduced at length.

Id., 538 U.S. at 423-24, 123 S.Ct. at 1523.

Plaintiffs' requested discovery will allow the presentation of evidence of the repetitive nature of Defendant's acts which operated to the detriment of people injured in accidents in Hawaii. In addition, these documents will allow the presentation of evidence and repetitive nature of Defendant's acts to deprive Hawaii medical care providers of payment for treatments already rendered. As a result, Hawaii medical care providers such as Plaintiff Portner Orthopedic have lost income and have sometimes declined to further treat auto accident victims, thereby making it difficult for claimants to get medical treatments, which is a result totally contrary to the Hawaii legislature's intent.

Based on the foregoing, the court is requested to overrule Liberty Mutual's objections and issue an order directing Defendant to produce for inspection and copying all of the requested documents set forth in Plaintiff's first and second request for production.

DATED: Honolulu, Hawaii, ___September 7, 2006___.

_____
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiffs