Of Counsel:
SHIM & CHANG

ROY K. S. CHANG          #1733-0
HARVEY M. DEMETRAKOPOULOS  #5033-0
333 Queen Street, Suite 900
Honolulu, Hawaii       96813
Telephone No. (808)524-5803

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. 04 00256 (SOM) (BMK)<br>(Other Civil Action)<br><br>**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY** |

PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY

TO:     KENNETH J. MANSFIELD, ESQ.        (HAND DELIVERY)
        McCorriston Miller
          Mukai MacKinnon LLP
        Five Waterfront Plaza, 4th Floor
        500 Ala Moana Boulevard
        Honolulu, Hawaii  96813

APPENDIX  C

Attorney for Defendant
Liberty Mutual Fire Insurance Company

COME NOW Plaintiffs above-named, by and through their attorneys, SHIM & CHANG, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure hereby request Defendant above produce for inspection and copying at the office of SHIM & CHANG, 333 Queen Street, Suite 900, Honolulu, HI 96831, within thirty (30) days after service hereof, or such earlier time as agreed upon by counsel, the "Documents Requested" hereinbelow.

When responding to this Request for Production of Documents, you are requested to respond in writing and state as to each of the requests: (i) that there are such documents and that they will be produced; (ii) that there are such documents but you refuse to produce them because of a claim of privilege or for some other reason; or (iii) that there are no such documents as requested by particular request.

As to each document you are withholding from production, please identify it by a description (memo, contract, letter handwritten note, etc.), date author, recipient(s), number of pages and subject matter, and state the basis for its non-production.

## DEFINITION

As used herein, the following term shall have the meaning set forth below unless otherwise specifically indicated.

"Liberty Mutual" means the defendant in this action.

"Document" means any written, graphic, stored or printed matter in the actual or constructive possession, custody, care or control of the addressee of this request, including but not limited to originals (or copies where originals are not available) and drafts of correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations or of meetings or conferences, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, review, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks, negotiable instruments, invoices, charge slips, receipts, working papers, statistical records, cost sheets, desk calendars, appointment books, diaries, daily letters, time sheets or logs, maps, computer data, computer files, computer records, and/or papers similar to any of the foregoing.

These requests shall be deemed continuing to the full extent set forth under Rule 26(e) of the Federal Rules of Civil Procedure.

DATED: Honolulu, Hawaii, ___February 8, 2006___.


_____
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiffs

4

## DOCUMENTS REQUESTED

1. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's decision to deny payments for medical care rendered to Tiara Engle.

2. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's decision to use a records review instead of having a doctor examine Tiara Engle to determine her medical condition and medical treatment needs.

3. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's denials of claims for PIP benefits in 2002 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

4. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or

    relating to Liberty Mutual's denials of claims for PIP benefits in 2003 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

5. All documents and/or records of any kind, including computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's denials of claims for PIP benefits in 2004 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

6. All documents and/or records of any kind, including computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's denials of claims for PIP benefits in 2005 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

7. Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2002 in Hawaii based on a physical examination by a physician.

8. Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2003 in Hawaii based on a physical examination by a physician.

9. Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2004 in Hawaii based on a physical examination by a physician.

10. Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2005 in Hawaii based on a physical examination by a physician.

11. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting any and all analysis, discussion, or plans to use records reviews instead of physical examinations by doctors to ascertain the medical condition and/or treatment needs of PIP claimants in Hawaii in 2002, 2003, 2004 and 2005.

12. All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2002 as a result of a denial of a claim for PIP benefits based upon a records review issued by Liberty Mutual in Hawaii.

13. All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2003 as a result of a denial of a claim for PIP benefits issued by Liberty Mutual in Hawaii.

14. All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2004 as a result of a denial of a claim for PIP benefits issued by Liberty Mutual in Hawaii.

15. All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2005 as a result of a denial of a claim for PIP benefits issued by Liberty Mutual in Hawaii.

16. All claims manuals and/or procedures manuals that address, set forth, discuss, list, explain, or deal with the methods through which a PIP claimant's medical condition and/or medical treatment needs can be ascertained.

17. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that are or have been made available to Liberty Mutual personnel in Hawaii, that address, set forth, discuss, list, explain, or deal with the methods through which a PIP claimant's medical condition and/or medical treatment needs can be ascertained.

18. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that constitute, establish, and/or document any legal records, advice, or recommendation (reliance on the advice of counsel) to Liberty Mutual relating to the use of a records review to ascertain the medical condition and/or medical treatment needs of a Hawaii PIP claimant.

19. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that Liberty Mutual will use or rely upon to establish the defense that it relied upon the advice of counsel in deciding to use a records review relating to the claims for benefits relating to Tiara Engle.

20. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of Agnes Lee, the senior claim specialist identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to her job performance, bonuses, wage and salary data, evaluations and/or discipline.

21. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of Dale Takaoka, the no-fault team manager identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to his job performance, bonuses, wage and salary data, evaluations and/or discipline.

22. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of D. Scott Kostylo, the Personal Market Claims Manager identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to his job performance, bonuses, wage and salary data, evaluations and/or discipline.

23. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth bonuses, raises, incentives, gifts, grants, rewards, prizes, pay increases, recognition, promotions, and/or anything of value given to a Liberty Mutual employee as a result of reducing or lessening PIP claim payments, PIP expenditures, PIP losses, or PIP payouts in Hawaii at anytime from 2000 through 2005.

24. All documents and/or records of any kind, including but not limited to computer records, emails, and

7

correspondence or notes of any kind, that relate to, reflect, and/or set forth Liberty Mutual's PIP claim handling systems, policies, guidelines, criteria, and tactics used in the investigation, evaluation, defense and handling of PIP claims, the investigation of suspected fraudulent PIP claims, and/or the identity of the physicians Liberty Mutual has used from January 1, 2000 to the present for records reviews and/or physical examinations in connection with PIP claims.

25. All checks, invoices, check requests, Internal Revenue Service Form 1099 documents and/or other documents or records that reflect the amounts paid to each doctor by Liberty Mutual to perform physical examinations and/or including records reviews relating to a Hawaii PIP claim from October 1, 1999 through September 15, 2005.

26. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2000.

27. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to,

8

reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2001.

28. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2002.

29. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2003.

30. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2004.

31. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2005.

32. All documents and/or records of any kind, including but not limited to computer records, emails, and

correspondence or notes of any kind, that relate to, reflect, and/or set forth why Liberty Mutual chose to use a records review instead of a physical examination for each denial.

33. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth how much Liberty Mutual paid for a records review and/or for a physical examination of a PIP claimant in 2002, 2003, 2004, and 2005.

34. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth how much Liberty Mutual received as payment of premiums for PIP coverage in 2002, 2003, 2004, and 2005.

35. All print, television, broadcast, cable, radio and any other media advertisements used between January 1, 2000 and December 31, 2005 that advertised and/or promoted Liberty Mutual.