McCORRISTON MILLER MUKAI MacKINNON LLP

KENNETH J. MANSFIELD    #7227-0
R. JOHN SEIBERT          #5257-0
ELIZABETH A. ROBINSON    #7805-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300;
Facsimile No.:  (808) 524-8293
mansfield@m4law.com; rjs@m4law.com;
erobinson@m4law.com

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>              Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>              Defendants. | CIVIL NO. 04-00256 SOM BMK<br>(Other Civil Action)<br><br>DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; DECLARATION OF SCOTT KOSTYLO; EXHIBITS "A" – "K"; CERTIFICATE OF SERVICE<br><br><br>Trial Date: February 13, 2007 |

145528.1

DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule LR 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawai'i, Defendant Liberty Mutual Fire Insurance Company, by and through its attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby respectfully submits its separate and concise statement of facts in support of its Motion for Summary Judgment which is being filed contemporaneously.

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. On May 2, 2003, Plaintiff Engle was riding as a passenger in a Liberty Mutual-insured motor vehicle and was entitled to PIP benefits under a Liberty Mutual auto insurance policy for her accident related injuries. | March 8, 2004 Complaint ("Complaint") at ¶¶ 5-7. |
| 2. At Liberty Mutual's request, Plaintiff completed a PIP application. At the time, Ms. Engle complained of head, neck, back and arm pain from the accident for which she began treatment with Plaintiff Portner Orthopedic. | Complaint at ¶ 8; Accompanying Declaration of Scott Kostylo ("Kostylo Dec.") at ¶ 2; Exhibits "A" and "B". |
| 3. Various medical providers submitted bills to Liberty Mutual for Engle's treatment, beginning with Kaiser Hospital for emergency room treatment on the day of her accident, and continuing with various bills for massage and chiropractic treatments from Plaintiff Portner Orthopedic. Liberty Mutual paid these bills for services performed through August of 2003. During this period, Liberty Mutual honored and paid a total of $6,593.92 in PIP claims for Plaintiff. | Kostylo Dec. at ¶ 3. |

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 4. As part of its investigation of Engle's PIP claims, Liberty Mutual retained orthopedic surgeon Dr. Clifford K. H. Lau to undertake a record review of Engle's medical condition to determine what further treatment, if any, was appropriate, reasonable, necessary and causally related to the subject accident. On November 10, 2003, Liberty Mutual forwarded Engle's medical records to Dr. Lau and asked him to address whether Engle required further treatment, including what type, what frequency and for how long. | Kostylo Dec. at ¶ 4; Exhibit "C". |
| 5. Dr. Lau conducted the requested review and provided his findings to Liberty Mutual in a letter dated November 18, 2003. Dr. Lau concluded that based on his review of Engle's medical records, including periodic progress reports from Portner Orthopedic, that further treatment was not necessary. Instead, he recommended a home exercise program focusing on abdominal strengthening exercises. | Kostylo Dec. at ¶ 5; Exhibit "D" at 3-4. |
| 6. As noted in Dr. Lau's report, "[w]hen initially seen in the emergency, [Engle] had no neck pain, back pain nor extremity pain." Dr. Lau further notes that Engle's medical records indicate that "there were some complaints of pain of the neck with rotating to the left" at a visit two weeks after the accident. | Exhibit "D" at 3. |
| 7. Based on Dr. Lau's findings and recommendations, on December 2, 2003, Liberty Mutual issued a Denial of Claim Form to Plaintiff Engle in care of her attorney, Roy K. S. Chang, Esq., denying Portner Orthopedic's PIP claim for an October 22, 2003 visit. Engle, however, continued to treat with Portner Orthopedic, as well as other providers, who continued to submit claims to Liberty Mutual. | Kostylo Dec. at ¶ 6; Exhibit "E". |

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 8. Thereafter, and on the basis of Dr. Lau's record review, Liberty denied subsequent PIP treatment claims for services rendered to Plaintiff Engle. | Kostylo Dec. at ¶ 7, Exhibits "F" –"K". |

DATED: Honolulu, Hawaii, _____SEP 1 3 2006_____.

_____
KENNETH J. MANSFIELD
R. JOHN SEIBERT
ELIZABETH A. ROBINSON

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE COMPANY

4