McCORRISTON MILLER MUKAI MacKINNON LLP

LISA M. GINOZA        5154-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Tel. No. (808)  529-7300
Facsimile No.:  (808) 535-8026
E-mail:  ginoza@m4law.com

Attorney for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION INCORPORATED,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>                    Defendants. | Civil No. 04-00256 SOM BMK (Other Civil Action)<br><br>DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 18, 2004<br><br><br><br>Trial Date:  None |

Response to POD.doc

EXHIBIT "A"

<u>DEFENDANT LIBERTY MUTUAL FIRE
INSURANCE COMPANY'S RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS DATED NOVEMBER 18, 2004</u>

Defendant Liberty Mutual Fire Insurance Company ("Defendant

Liberty"), by and through its attorneys McCorriston Miller Mukai MacKinnon

LLP hereby responds to Plaintiffs Tiara Engle and Portner Orthopedic

Rehabilitation Incorporated's ("Plaintiffs") First Request for Production of

Documents dated November 18, 2004 as follows:

GENERAL STATEMENTS AND OBJECTIONS AS TO
<u>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

A.    Defendant Liberty objects generally to Plaintiffs' First

Request for Production of Documents to the extent that the request

attempts to impose obligations beyond that required by Rule 34, or any

other applicable rules of the Federal Rules of Civil Procedure.  Defendant

Liberty will respond and supplement its responses in accordance with those

Rules.

B.    Defendant Liberty objects to each request to the extent

that it calls for the production of documents and other information protected

by the attorney-client privilege and/or work product doctrine.

C.    Defendant Liberty objects to each request for production of documents to the extent that it seeks disclosure of trade secret and/or confidential commercial or proprietary information.

D.    Defendant Liberty objects to each request for production of documents to the extent that it seeks confidential and proprietary information of non-litigant, third-party accounts.

E.    Defendant Liberty objects to each request for production of documents to the extent that it is unreasonably burdensome, oppressive or vexatious, in that the information so acquired would be of little or no relevance to the issues raised in this case and/or would place an unreasonable oppressive burden on Defendant Liberty in expenditure of time and money.

F.    Defendant Liberty objects to each request for production of documents to the extent that it is so broad, vague, ambiguous, uncertain and unintelligible that Defendant Liberty cannot determine the nature of the information or documents sought, and to which Defendant Liberty is, therefore, unable to respond.

G.    Defendant Liberty objects to each request for production of documents to the extent that it requests information that is immaterial

and irrelevant to the subject matter of this action and does not appear reasonably calculated to lead to the discovery of admissible evidence.

      H.    Defendant Liberty objects to each request for production of documents to the extent that it requests information that is as readily available to, or ascertainable by Plaintiffs.

      I.    Defendant Liberty objects to each request for production of documents to the extent that it seeks information for which the required good cause or substantial need, as dictated by applicable statutes, court rules and case law, has not been shown.

      J.    Defendant Liberty objects to all instructions and requests to the extent that they purport to require Defendant Liberty to obtain documents not in its possession, custody or control or to the extent that they purport to require Defendant Liberty to obtain documents from third parties.

K.    The production of any material covered by any objection is inadvertent unless otherwise noted and does not constitute a waiver of any objection.

DATED:  Honolulu, Hawaii, January 12, 2005.


_____
LISA M. GINOZA

Attorney for Defendant
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the preceding general statements and objections, which are incorporated by reference in each of the following responses, Defendant Liberty responds to Plaintiffs' First Request for Production of Documents as follows:

## DOCUMENTS

1.  The complete claim file relating to Tiara Engle's application and claim for Personal Injury Protection benefits, Liberty Mutual file number LA658-003558040-05, including all paper documents and all computer records or other data retained in any format, electronic, paper or otherwise.

    Answer.

    **Objection:** **The request is vague and overly broad.  Further, Liberty objects to the extent the request seeks documents and/or information which are protected by the attorney-client privilege or work product immunity.**

    **Without waiving said objections, Liberty will produce the no-fault claim file related to Ms. Engle arising out of the May 2, 2003 accident.  The materials to be produced are those dated prior to the filing of the complaint in this action.**

2. All documents or data relating to Tiara Engle's application and claim for Personal Injury Protection benefits that is or are maintained or kept in any place other than the claim file in Liberty Mutual file number LA658-003558040-05, including all paper documents and all computer records or other data retained in any format, electronic, paper or otherwise.

Answer

**Objection: The request is vague, ambiguous and overly broad. Further, Liberty objects to the extent the request seeks documents and/or information which are protected by the attorney-client privilege or work product immunity.**

**Without waiving said objections, Liberty is not aware of any responsive documents.**

3. All reports prepared by Clifford Lau, M.D. relating to independent medical examinations, including records reviews, that he performed at the request of Liberty Mutual at anytime from January 1, 1999 to October 28, 2004.  The names of the injured persons in each such report may be redacted to avoid releasing their identification.

Answer

**Objection: The request is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  The request further seeks documents and/or information which are proprietary, confidential, and private, including information regarding persons not party to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.**

4.    All documents, including but not limited to claims manuals, claims procedures, memorandums, instructions, policies, letters, emails, or any other type of information communication method, reflecting or relating to Liberty Mutual's decision, process or policy allowing or providing for the use of records review as a basis for issuing a Denial of Claim form in a Personal Injury Protection benefits.

Answer

**Objection: The request is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request further seeks documents and/or information which are proprietary, confidential, and private. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.**

5.    All documents reflecting or relating to Liberty Mutual's contracting with and/or retention of Clifford Lau, M.D. to perform independent medical examinations, including records reviews, including but not limited to all letters to and from Clifford Lau, M.D., and all payments to Clifford Lau, M.D. for services rendered from Liberty Mutual.

Answer

**Objection: The request is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request further seeks documents and/or information which are proprietary, confidential, and private, including information regarding persons not party to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.**

6.     All contracts of insurance and/or insurance policies which provide or
provided Personal Injury Protection benefits to Tiara Engle in Liberty
Mutual file number LA658-003558040-05.

Answer

**Liberty will produce a copy of the applicable policy issued to
Leonard L. Egdamin and Joslyn L. Egdamin.**

7.     All documents, diaries, computer records, database records, server
records, disk records, and/or hard drive records which reflect or relate
to the issuance of Denial of Claim Forms by Liberty Mutual as a result
of records review reports prepared by Dr. Clifford Lau and/or any
other doctor retained to perform independent medical examination
records reviews, and the decision to issue Denial of Claim forms by
Liberty Mutual in all of those cases.

Answer
**Objection: The request is vague, ambiguous, overly broad and
not reasonably calculated to lead to the discovery of admissible
evidence. The request further seeks documents and/or
information which are proprietary, confidential, and private,
including information regarding persons not party to this action.
The request is unduly burdensome, oppressive, vexatious, and
will cause undue expense.**

DATED:  Honolulu, Hawaii, January 12, 2005.


_____
LISA M. GINOZA

Attorney for Defendant
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

Response to POD.doc                                    9