McCORRISTON MILLER MUKAI MacKINNON LLP

KENNETH J. MANSFIELD     #7227-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Tel. No. (808)  529-7300
Facsimile No.:  (808) 524-8293
mansfield@m4law.com

Attorney for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION INCORPORATED,<br><br>             Plaintiffs,<br><br>   vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 04-00256 SOM BMK (Other Civil Action)<br><br>DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY<br><br><br>Trial Date:  November 7, 2006 |


EXHIBIT

134271.1

DEFENDANT LIBERTY MUTUAL FIRE INSURANCE
COMPANY'S RESPONSE TO PLAINTIFFS' SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY
MUTUAL FIRE INSURANCE COMPANY

Defendant Liberty Mutual Fire Insurance Company ("Liberty"), by and

through its attorneys, McCorriston Miller Mukai MacKinnon LLP, and pursuant to

Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to

Plaintiffs' Second Request for Production of Documents to Defendant Liberty

Mutual Fire Insurance Company ("the Request"), as follows:

## GENERAL RESPONSES AND OBJECTIONS

As a general response to all categories of documents stated in the Request,

Liberty responds and objects as follows:

1.     Liberty objects to the form of the Request insofar as it violates Rule

34 of the Federal Rules of Civil Procedure.

2.     Liberty objects to all instructions and definitions in the Request to the

extent they enlarge upon, supersede, or in any way modify the rules of discovery as

set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, or any other

applicable provision, regarding Liberty's obligation to produce documents.

3.     Liberty objects to the Request to the extent it seeks documents that are

inadmissible and are not relevant to the subject matter of this action, or are not

reasonably calculated to lead to the discovery of admissible evidence.

2

4.    Liberty objects to the Request to the extent that it is unreasonably burdensome, oppressive, or vexatious, in that the information requested would be of little or no relevance to the issues in this action or would place an unreasonable and oppressive burden on Liberty in expenditure of time and money to gather or produce.

5.    Liberty objects to the Request insofar as it requests documents relating to privileged communications or documents not subject to discovery such as attorney-client communications, trial preparation materials and work product.

6.    Liberty objects to the definitions in the Request and will not be bound by those definitions in the following answers.  Liberty assumes that words utilized by Plaintiff in the Request are utilized under a common, ordinary (*i.e.,* dictionary) meaning.  The use of definitions in this context is unreasonable and unduly burdensome, as it would require Liberty to check every word in the Request to determine if Plaintiff specifically defined it to mean something other than what is commonly understood.  Liberty will respond in accordance with the definitions that are fully contained with a particular request.

7.    Liberty objects to the Request insofar as it requests documents not within the present possession, custody or control of Liberty.

8.    Liberty objects to the Request to the extent that it is vague, ambiguous, uncertain, or unintelligible such that Liberty cannot determine the

nature of the documents sought, and to which Liberty is, therefore, unable to respond.

9.     Liberty objects to the Request to the extent that it requests the production of documents for which the required good cause or substantial need, as dictated by applicable statutes, court rules, and case law, has not been shown.

10.    Liberty has not completed its investigation of the facts related to this case, and has not completed its trial preparation.  Therefore the following responses are given without prejudice to Liberty's right to produce evidence of any subsequently discovered facts.

11.    For the convenience of the Court and counsel, Plaintiff's requests will be re-stated below and will be followed in each instance by the response.

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

Subject to and without waiving the preceding general statements and objections, which are incorporated by reference in each of the following responses, Liberty responds to Plaintiffs' Second Request for Production of Documents as follows:

## DOCUMENTS REQUESTED

1.  All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's decision to deny payments for medical care rendered to Tiara Engle.

    Response:

    *Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

    Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

2.  All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's decision to use a records review instead of having a doctor examine Tiara Engle to determine her medical condition and medical treatment needs.

    Response:

    *Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

    Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

3.    All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's denials of claims for PIP benefits in 2002 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature, protected by the attorney-client privilege and/or the work product doctrine.

4.    All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting or relating to Liberty Mutual's denials of claims for PIP benefits in 2003 in Hawaii based on a records review by a physician, and inclusive of the amount of PIP benefits remaining for each person at the time of each denial.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature, protected by the attorney-client privilege and/or the work product doctrine.

5.    All documents and/or records of any kind, including computer records,
      emails, and correspondence or notes of any kind, reflecting or relating to
      Liberty Mutual's denials of claims for PIP benefits in 2004 in Hawaii based
      on a records review by a physician, and inclusive of the amount of PIP
      benefits remaining for each person at the time of each denial.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence. The
      request also seeks documents which contain private and confidential
      information, including protected health information, concerning persons that
      are not parties to this action. The request is unduly burdensome, oppressive,
      vexatious, and will cause undue expense. Further, the request seeks
      production of documents which are proprietary in nature, protected by the
      attorney-client privilege and/or the work product doctrine.

6.    All documents and/or records of any kind, including computer records,
      emails, and correspondence or notes of any kind, reflecting or relating to
      Liberty Mutual's denials of claims for PIP benefits in 2005 in Hawaii based
      on a records review by a physician, and inclusive of the amount of PIP
      benefits remaining for each person at the time of each denial.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence. The
      request also seeks documents which contain private and confidential
      information, including protected health information, concerning persons that
      are not parties to this action. The request is unduly burdensome, oppressive,
      vexatious, and will cause undue expense. Further, the request seeks
      production of documents which are proprietary in nature, protected by the
      attorney-client privilege and/or the work product doctrine.

7.    Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2002 in Hawaii based on a physical examination by a physician.

Response:

*Objection.*  This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action.  The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

8.    Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2003 in Hawaii based on a physical examination by a physician.

Response:

*Objection.*  This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action.  The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

9.    Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2004 in Hawaii based on a physical examination by a physician.

Response:

*Objection.*  This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action.  The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

10.    Copies of all denials of claims for PIP benefits issued by Liberty Mutual in 2005 in Hawaii based on a physical examination by a physician.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.


11.    All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, reflecting any and all analysis, discussion, or plans to use records reviews instead of physical examinations by doctors to ascertain the medical condition and/or treatment needs of PIP claimants in Hawaii in 2002, 2003, 2004 and 2005.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

12.   All documents and/or records or any kind relating to or reflecting any and
      all lawsuits, arbitrations, and/or administrative hearings filed or requested
      by PIP claimants in 2002 as a result of a denial of a claim for PIP benefits
      based upon a records review issued by Liberty Mutual in Hawaii.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence.
      Further, the request seeks production of documents which are proprietary
      in nature and/or protected by the attorney-client privilege and/or the work
      product doctrine. The request also seeks documents which contain private
      and confidential information, including protected health information,
      concerning persons that are not parties to this action. The request is
      unduly burdensome, oppressive, vexatious, and will cause undue expense.
      To the extent the request seeks publicly available documents, plaintiffs
      can obtain said documents from another source that is more convenient,
      less burdensome and less expensive.

13.   All documents and/or records or any kind relating to or reflecting any and all
      lawsuits, arbitrations, and/or administrative hearings filed or requested by
      PIP claimants in 2003 as a result of a denial of a claim for PIP benefits
      issued by Liberty Mutual in Hawaii.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence.
      Further, the request seeks production of documents which are proprietary
      in nature and/or protected by the attorney-client privilege and/or the work
      product doctrine. The request also seeks documents which contain private
      and confidential information, including protected health information,
      concerning persons that are not parties to this action. The request is
      unduly burdensome, oppressive, vexatious, and will cause undue expense.
      To the extent the request seeks publicly available documents, plaintiffs
      can obtain said documents from another source that is more convenient,
      less burdensome and less expensive.

14.    All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2004 as a result of a denial of a claim for PIP benefits issued by Liberty Mutual in Hawaii.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. To the extent the request seeks publicly available documents, plaintiffs can obtain said documents from another source that is more convenient, less burdensome and less expensive.

15.    All documents and/or records or any kind relating to or reflecting any and all lawsuits, arbitrations, and/or administrative hearings filed or requested by PIP claimants in 2005 as a result of a denial of a claim for PIP benefits issued by Liberty Mutual in Hawaii.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. To the extent the request seeks publicly available documents, plaintiffs can obtain said documents from another source that is more convenient, less burdensome and less expensive.

16.   All claims manuals and/or procedures manuals that address, set forth, discuss, list, explain, or deal with the methods through which a PIP claimant's medical condition and/or medical treatment needs can be ascertained.

Response:

*Objection.* This request is vague and ambiguous, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

17.   All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that are or have been made available to Liberty Mutual personnel in Hawaii, that address, set forth, discuss, list, explain, or deal with the methods through which a PIP claimant's medical condition and/or medical treatment needs can be ascertained.

Response:

*Objection.* This request is vague and ambiguous, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

18.    All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that constitute, establish, and/or document any legal records, advice, or recommendation (reliance on the advice of counsel) to Liberty Mutual relating to the use of a records review to ascertain the medical condition and/or medical treatment needs of a Hawaii PIP claimant.

Response:

*Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

19.    All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that Liberty Mutual will use or rely upon to establish the defense that it relied upon the advice of counsel in deciding to use a records review relating to the claims for benefits relating to Tiara Engle.

Response:

*Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature and/or protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Liberty responds as follows:

Liberty will produce non-privileged or otherwise unprotected documents responsive to said request in its possession, custody or control, if any, at a mutually agreeable date, time and place for inspection and copying.

20. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of Agnes Lee, the senior claim specialist identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to her job performance, bonuses, wage and salary data, evaluations and/or discipline.

Response:

*Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature, and documents which contain private and confidential information, including protected health and financial information, in which the individual has significant privacy interests.

21. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of Dale Takaoka, the no-fault team manager identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to his job performance, bonuses, wage and salary data, evaluations and/or discipline.

Response:

*Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature, and documents which contain private and confidential information, including protected health and financial information, in which the individual has significant privacy interests.

14

22. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the Liberty Mutual employment history of D. Scott Kostylo, the Personal Market Claims Manager identified by Liberty Mutual as having been involved in the decision to issue Denial of Claim forms relating to Tiara Engle, including but not limited to the complete personnel file for said individual, and all records relating to his job performance, bonuses, wage and salary data, evaluations and/or discipline.

Response:

*Objection.* This request is overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature, and documents which contain private and confidential information, including protected health and financial information, in which the individual has significant privacy interests.

23. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth bonuses, raises, incentives, gifts, grants, rewards, prizes, pay increases, recognition, promotions, and/or anything of value given to a Liberty Mutual employee as a result of reducing or lessening PIP claim payments, PIP expenditures, PIP losses, or PIP payouts in Hawaii at anytime from 2000 through 2005.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature. The request also seeks documents which may contain confidential personal financial information. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

24. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth Liberty Mutual's PIP claim handling systems, policies, guidelines, criteria, and tactics used in the investigation, evaluation, defense and handling of PIP claims, the investigation of suspected fraudulent PIP claims, and/or the identity of the physicians Liberty Mutual has used from January 1, 2000 to the present for records reviews and/or physical examinations in connection with PIP claims.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature. The request also seeks documents which may contain confidential personal financial information. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

25. All checks, invoices, check requests, Internal Revenue Service Form 1099 documents and/or other documents or records that reflect the amounts paid to each doctor by Liberty Mutual to perform physical examinations and/or including records reviews relating to a Hawaii PIP claim from October 1, 1999 through September 15, 2005.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks production of documents which are proprietary in nature. The request also seeks documents which may contain confidential personal financial information. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense.

26.   All documents and/or records of any kind, including but not limited to
      computer records, emails, and correspondence or notes of any kind, that
      relate to, reflect, and/or set forth the amount of PIP benefits paid by
      Liberty Mutual in Hawaii in 2000.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence. The
      request also seeks documents which contain private and confidential
      information, including protected health information, concerning persons that
      are not parties to this action. The request is unduly burdensome, oppressive,
      vexatious, and will cause undue expense. Further, the request seeks
      production of documents which are proprietary in nature.


27.   All documents and/or records of any kind, including but not limited to
      computer records, emails, and correspondence or notes of any kind, that
      relate to, reflect, and/or set forth the amount of PIP benefits paid by
      Liberty Mutual in Hawaii in 2001.

      Response:

      *Objection.* This request is grossly overbroad, and it seeks information not
      reasonably calculated to lead to the discovery of admissible evidence. The
      request also seeks documents which contain private and confidential
      information, including protected health information, concerning persons that
      are not parties to this action. The request is unduly burdensome, oppressive,
      vexatious, and will cause undue expense. Further, the request seeks
      production of documents which are proprietary in nature.

17

28. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2002.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature.

29. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty Mutual in Hawaii in 2003.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature.

30.  All documents and/or records of any kind, including but not limited to
     computer records, emails, and correspondence or notes of any kind, that
     relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty
     Mutual in Hawaii in 2004.

     Response:

     *Objection.* This request is grossly overbroad, and it seeks information not
     reasonably calculated to lead to the discovery of admissible evidence. The
     request also seeks documents which contain private and confidential
     information, including protected health information, concerning persons that
     are not parties to this action. The request is unduly burdensome, oppressive,
     vexatious, and will cause undue expense. Further, the request seeks
     production of documents which are proprietary in nature.

31.  All documents and/or records of any kind, including but not limited to
     computer records, emails, and correspondence or notes of any kind, that
     relate to, reflect, and/or set forth the amount of PIP benefits paid by Liberty
     Mutual in Hawaii in 2005.

     Response:

     *Objection.* This request is grossly overbroad, and it seeks information not
     reasonably calculated to lead to the discovery of admissible evidence. The
     request also seeks documents which contain private and confidential
     information, including protected health information, concerning persons that
     are not parties to this action. The request is unduly burdensome, oppressive,
     vexatious, and will cause undue expense. Further, the request seeks
     production of documents which are proprietary in nature.

32. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth why Liberty Mutual chose to use a records review instead of a physical examination for each denial.

   Response:

   *Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature, protected by the attorney-client privilege and/or the work product doctrine.

33. All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth how much Liberty Mutual paid for a records review and/or for a physical examination of a PIP claimant in 2002, 2003, 2004, and 2005.

   Response:

   *Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks documents which contain private and confidential information, including protected health information, concerning persons that are not parties to this action. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature, protected by the attorney-client privilege and/or the work product doctrine.

34.   All documents and/or records of any kind, including but not limited to computer records, emails, and correspondence or notes of any kind, that relate to, reflect, and/or set forth how much Liberty Mutual received as payment of premiums for PIP coverage in 2002, 2003, 2004, and 2005.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. Further, the request seeks production of documents which are proprietary in nature, protected by the attorney-client privilege and/or the work product doctrine.

35.   All print, television, broadcast, cable, radio and any other media advertisements used between January 1, 2000 and December 31, 2005 that advertised and/or promoted Liberty Mutual.

Response:

*Objection.* This request is grossly overbroad, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The request is unduly burdensome, oppressive, vexatious, and will cause undue expense. To the extent the request seeks certain information that is publicly available, it is obtainable from another source that is more convenient, less burdensome and less expensive.

DATED:  Honolulu, Hawaii, _____ MAR 3 1 2006 _____.

_____
KENNETH J. MANSFIELD

Attorney for Defendant
LIBERTY MUTUAL FIRE INSURANCE
COMPANY