McCORRISTON MILLER MUKAI MacKINNON LLP

| | |
|---|---|
| KENNETH J. MANSFIELD | #7227-0 |
| R. JOHN SEIBERT | #5257-0 |
| ELIZABETH A. ROBINSON | #7805-0 |

Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300;
Facsimile No.: (808) 524-8293
mansfield@m4law.com; rjs@m4law.com;
erobinson@m4law.com

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 04-00256 SOM BMK<br>(Other Civil Action)<br><br>DECLARATION OF SCOTT KOSTYLO IN SUPPORT OF LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FILED ON SEPTEMBER 7, 2006<br><br>Hearing<br><br>Date : October 4, 2006<br>Time : 3:30 p.m.<br>Judge : Hon. Barry M. Kurren<br><br>Trial Date: February 13, 2007 |

146435.1

DECLARATION OF SCOTT KOSTYLO IN SUPPORT OF LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FILED ON SEPTEMBER 7, 2006

SCOTT KOSTYLO declares and states the following:

1. I am the Personal Market Claims Manager for Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"). As a consequence of my position with Liberty Mutual, I have personal knowledge of the matters stated herein. I submit this declaration in further support of Liberty Mutual's Opposition To Plaintiffs' First Motion To Compel Production Of Documents, Filed On September 7, 2006.

2. Concerning Plaintiffs' requests for other independent medical exams ("IMEs") and record reviews performed by Dr. Clifford Lau, M.D., as well as correspondence between Liberty Mutual and Dr. Lau, those records are maintained only in their respective claim files. That is, Liberty Mutual does not maintain a separate file from which it can readily retrieve these documents. Determining which files might contain these documents and actually obtaining them would be an extremely time consuming and likely very expensive undertaking. Liberty Mutual would have to have its Home Office first prepare a spreadsheet detailing any payments made to Dr. Lau during a prescribed period of time. Then, assuming the payments are cross-referenced to specific claim numbers, Liberty Mutual would then have to send the list of claim numbers to its

2

storage facility in Massachusetts, retrieve all corresponding claims files, and ship those files to Honolulu. At that point, Liberty Mutual would have to physically review each file to look for responsive documents. It is my expectation that the time and expense associated with such a task, even without accounting for privacy issues, would be tremendous.

3. Plaintiffs' requests for entire claim files of other insureds, or even portions thereof, arising from IMEs, record reviews, or otherwise involving personal injury protection ("PIP") benefit denials present similar problems. In addition to the significant privacy concerns Liberty Mutual has regarding the potential release of claim files of individuals not party to this action, I believe it would take immeasurable time and expense to actually comply with these requests. The only way for Liberty Mutual to respond would be to have its information systems department in Boston prepare a report listing every payment to a provider for IMEs and/or record reviews during the requested time periods. Presuming each of those payments is tied to a related claim number, Liberty Mutual would then have to physically retrieve each of those claim files from storage, ship those files to Honolulu, and then review every single file for responsive documents. I believe this process would be extremely burdensome, time consuming and expensive.

4. Concerning Plaintiffs' requests for documents related to private arbitrations, in addition to privilege and privacy issues, it would be very difficult

and time consuming to produce this information. Liberty Mutual would have to create a spreadsheet of payments made to defense counsel during a particular time period, then contact those defense attorneys and review all of their Liberty Mutual files for responsive information. All responsive information would then have to be reviewed for privileged or otherwise protected information. I believe this process would also be extremely burdensome, time consuming and expensive.

5.   Concerning Plaintiffs' requests for claims manuals, Liberty Mutual had previously indicated that the No-Fault Initiative Handbook was the only responsive document. There is, however, another document that management-level employees have access to, entitled "Procedures Manual." The bulk of this manual concerns matters not relevant to this litigation; however, Liberty Mutual will be producing the relevant portions pursuant to a stipulated protective order. For those depositions of Liberty Mutual employees that have already taken place, Liberty Mutual will not object to a continued deposition concerning this supplemental production.

I, Scott Kostylo, do declare under penalty of perjury that the foregoing statements are true and correct.

DATED:  Honolulu, Hawaii   9/20/2006   .

_____
SCOTT KOSTYLO