ORIGINAL

Of Counsel:
SHIM & CHANG

ROY K. S. CHANG         #1733-0
HARVEY M. DEMETRAKOPOULOS #5033-0
333 Queen Street, Suite 900
Honolulu, Hawaii        96813
Telephone No. (808)524-5803

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 1 5 2006
at 11 o'clock and 05 min. A M
SUE    CLERK

LODGED
NOV 1 3 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>  Plaintiffs,<br><br>  vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>  Defendants. | CIVIL NO. 04 00256 (SOM) (BK)<br>(Other Civil Action)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENT SFILED SEPTEMBER 7, 2006**<br><br><br><br><br>Trial Week: September 11, 2007 |

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' FIRST MOTION TO COMPEL
PRODUCTION OF DOCUMENT SFILED SEPTEMBER 7, 2006

Plaintiffs' First Motion to Compel Production of

Documents filed September 7, 2006 having come on for

hearing on October 4, 2006 at 3:30 p.m., with Roy K.S.

Chang and Harvey M. Demetrakopoulos having appeared on

behalf of Plaintiffs, and Kenneth J. Mansfield having appeared on behalf of Defendant Liberty Mutual Fire Insurance Company, and the court having reviewed the submissions and having heard the arguments of counsel, hereby grants in part and denies in part said motion as follows:

1.  As to the production requests contained in Plaintiffs' First Request For Production of Documents to Defendant Liberty Mutual Fire Insurance Company:

    A.  As to Requests 1 and 2, Defendant shall provide an unredacted copy of the computer log previously provided, up to the date the present lawsuit was filed. Those portions of the computer log that were redacted to protect attorney-client privileged and/or work product material shall remain redacted.

    B.  As to Requests 3, 5 and 7, the court denies the motion for the present, and suggests that Plaintiffs submit interrogatories to Defendant which will elicit the same general type of information, i.e. the number of independent medical examinations and/or record reviews Dr. Lau has performed, etc., and/or proceed with 30(b)(6) depositions wherein Defendant will be asked to designate witnesses who will be best able to address the subject matter. The court anticipates that these revised discovery requests will not

require Defendant to obtain and review other claim files, and believes that discovery of information going back two years from the November 2003 report by Dr. Lau is permissible, therefore the discovery requests are limited to the period November 2001 through November 2003. However, if issues arise regarding the need to expand this time frame, the parties may re-raise the matter with the court. The court expects the parties to make a good faith effort to accomplish the discovery requested through these alternative discovery methods, and only after such efforts are made shall any remaining matters in these discovery categories be re-raised with the court.

    C.   As to Requests 4 and 6, the court understands from the parties that these discovery matters have been resolved.

    2.   As to the production requests contained in Plaintiffs' Second Request For Production of Documents to Defendant Liberty Mutual Fire Insurance Company:

    A.   As to Requests 1 and 2, Defendant shall provide an unredacted copy of the computer log previously provided, up to the date the present lawsuit was filed. Those portions of the computer log that were redacted to protect attorney-client privileged and/or work product material shall remain redacted.

  B. As to Requests 3 through 10, 12 through 15, and 25 through 34, the court denies the motion for the present, and suggests that Plaintiffs submit interrogatories to Defendant which will elicit the same general type of information, i.e. the number of independent medical examinations and/or record reviews Dr. Lau has performed, etc., and/or proceed with 30(b)(6) depositions wherein Defendant will be asked to designate witnesses who will be best able to address the subject matter. The court anticipates that these revised discovery requests will not require Defendant to obtain and review other claim files, and believes that discovery of information going back two years from the November 2003 report by Dr. Lau is permissible, therefore the discovery requests are limited to the period November 2001 through November 2003. However, if issues arise regarding the need to expand this time frame, the parties may re-raise the matter with the court. The court expects the parties to make a good faith effort to accomplish the discovery requested through these alternative discovery methods, and only after such efforts are made shall any remaining matters in these discovery categories be re-raised with the court.

  C. As to Requests 11, 16 through 19, and 24, the court understands from the parties that these discovery

matters have been resolved.

D.  As to Requests 20-23, the motion to compel is granted in part by adopting and incorporating the categories and descriptions of discoverable information set forth in the quotation from Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803 (Ky 2004), contained on pages 12-13 of Plaintiff's Reply memorandum.  Defendant shall produce those categories of requested documents that were held discoverable in said case. The information found to be not discoverable in said case is not to be produced.  Documents not related to PIP claims handling need not be produced.

E.  As to Request 35, the court concludes that Plaintiffs are entitled to at least some representative examples of the advertising used by Defendant, and directs the parties to make a good faith effort to agree on an acceptable production of such materials.

DATED: __11·14·2006_____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

Approved as to Form:

_____
Kenneth J. Mansfield
Attorney for Defendant Liberty
Mutual Fire Insurance Company

-5-
================================================================
ENGLE, et al. v. Liberty Mutual Fire Insurance Company, Civ. No. 04-00256 SOM-BMK, U.S. District Court, ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS FILED SEPTEMBER 7, 2006