McCORRISTON MILLER MUKAI MacKINNON LLP

KENNETH J. MANSFIELD          #7227-0
ELIZABETH A. ROBINSON         #7805-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300;
Facsimile No.:  (808) 524-8293
mansfield@m4law.com; erobinson@m4law.com

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>     Plaintiffs,<br><br>  vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10; and  ROE GOVERNMENTAL ENTITIES 1-10,<br><br>     Defendants.<br>_____ | CIVIL NO. 04-00256 SOM BMK<br>(Other Civil Action)<br><br>DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER COMPELLING CLIFFORD LAU, M.D. TO THOROUGHLY COMPLY WITH SUBPOENA DUCES TECUM  AND TO COMPLY WITH SUBPOENA TO ATTEND ORAL DEPOSITION, FILED ON JANUARY 30, 2007; CERTIFICATE OF SERVICE<br><br>HEARING:<br>Date  :  February 21, 2007<br>Time  :  2:00 p.m.<br>Judge :  Honorable Barry M. Kurren<br><br>Trial Date:  September 11, 2007 |

155047.1

DEFENDANT LIBERTY MUTUAL FIRE INSURANCE
COMPANY'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN ORDER COMPELLING
CLIFFORD LAU, M.D. TO THOROUGHLY COMPLY WITH
SUBPOENA DUCES TECUM AND TO COMPLY WITH SUBPOENA
<u>TO ATTEND ORAL DEPOSITION, FILED ON JANUARY 30, 2007</u>

Defendant Liberty Mutual Fire Insurance Company ("Liberty

Mutual"), by and through its attorneys, McCorriston Miller Mukai MacKinnon

LLP, hereby respectfully submits this memorandum in opposition to Plaintiff's

Motion for an Order Compelling Clifford Lau, M.D. to Thoroughly Comply With

Subpoena Duces Tecum and to Comply With Subpoena to Attend an Oral

Deposition, filed on January 30, 2007 ("Motion").

I.    <u>INTRODUCTION</u>

Liberty Mutual does not oppose Plaintiffs' efforts to obtain from Dr.

Lau relevant, non-privileged information that is not protected by privacy laws.

Indeed, Liberty Mutual intends to depose Dr. Lau and agrees that testimony

regarding Dr. Lau's opinion as to Plaintiff Tiara Engle's recovery is relevant

because Liberty Mutual relied on Dr. Lau's opinion in denying certain claims for

medical treatment.  That, however, is the extent of discovery that should be

allowed.  Plaintiffs' request that Dr. Lau be ordered to "thoroughly comply with

the subpoena duces tecum" (<u>see</u> Motion at 9) should be denied to the extent

Plaintiffs seek to compel a broad scope of private, medical-related information

regarding persons who are not parties to this case and have received no notice of

Plaintiffs' intended intrusion into their privacy. Liberty Mutual also objects on the basis that Dr. Lau has not been given notice to appear and oppose the Motion.

For the reasons that follow, Plaintiffs' Motion must be denied. In the alternative, any order compelling Dr. Lau to provide discovery in this matter must be limited to information that is that is not protected by any privilege or privacy law and is relevant to the remaining issues in this case.

II.    DISCUSSION

A.    The Motion Must Fail for Lack of Notice to the Affected Party

According to the Certificate of Service filed in conjunction with Plaintiffs' Motion, the Motion was not served upon Dr. Lau. Rule 37 of the Federal Rules of Civil Procedure ("FRCP") provides that "reasonable notice" must be given "to other parties and all persons affected thereby[.]"  (emphasis added). See also 7 James Wm. Moore et al., Moore's Federal Practice § 37.05[3] (3d ed. 2006) ("when a motion to compel would affect a nonparty witness from whom discovery is sought or is likely to be sought, that nonparty must be given notice of the motion.").

In Fischer v. McGowan, 585 F. Supp. 978 (D.R.I. 1984), a nonparty deponent appealed an order compelling him to appear where he had not received timely notice of the motion or the order. The Court held that the nonparty was a person affected by the motion to compel and was therefore entitled to receive

notice of the motion to compel and the ruling thereon. Id. at 983. The Court noted that the motion to compel had been unopposed by either party, resulting in "ministerial approval." Id. at 982. Without notice to the affected party, the order compelling discovery was "rendered totally impotent" as to the non-party. Id.

Without notice to Dr. Lau, the result would be the same here. Unless Dr. Lau is afforded a meaningful opportunity to appear and oppose this Motion, any order compelling Dr. Lau to take action would gravely infringe upon his due process rights and would be wholly ineffective as to Dr. Lau. Therefore, this Motion must fail completely for lack of notice to Dr. Lau.

B.    Plaintiffs Seek Protected Medical Information of Nonparties

Plaintiffs have not established under the law that they have any right to the confidential medical information of unsuspecting third parties. As a health care provider, Dr. Lau likely must adhere to restrictions imposed under the Health Insurance Portability and Accountability Act, or HIPAA. Plaintiffs have not addressed HIPAA concerns, and have made no effort to ensure that the privacy rights of individuals who are not a party to this case are sufficiently protected. The medical records Plaintiffs seek from Dr. Lau will likely contain much individually identifiable health information, such that a simple redaction of the patients' names would not adequately protect their privacy interests.

As explained in the Motion, Dr. Lau produced the records relating to Tiara Engle. Motion at 5. Without signed releases from the other patients, Ms. Engle's records are all that Plaintiffs are entitled to. Plaintiffs ask this Court to order Dr. Lau to "thoroughly comply with the subpoena duces tecum," which is very broad in scope and requires Dr. Lau to produce the records of other patients (see Motion at 9 and Exhibit "A" thereto), however Dr. Lau may have valid HIPAA objections to producing the requested records. Until Plaintiffs can established that they are entitled to the protected information, their request for such information must fail. Therefore, this Court must deny Plaintiffs' Motion to the extent it seeks protected health information of nonparties.

C.    Under the Law of the Case, Dr. Lau's Record Review Complied with Hawaii State Law

Plaintiffs' inference that the record review was somehow flawed because Dr. Lau did not physically examine Ms. Engle (see Motion at 3) is inappropriate in the context of the instant Motion, as Liberty Mutual has already prevailed on that issue by way of summary judgment. Judge Mollway correctly ruled, in a published opinion, that Liberty Mutual complied with the procedural requirements of Hawaii's Motor Vehicle Insurance Code in utilizing the records review performed by Dr. Lau:

> The court agrees with Liberty Mutual and concludes that the IME provisions in Haw. Rev. Stat. § 431:10C-308.5(b) do not apply to a record review performed in

> isolation, without other accompanying procedures
> necessary to complete an IME, particularly an in-person
> examination.

See Tiara Engle et al. v. Liberty Mutual Fire Insurance Company, 402 F. Supp. 2d 1157, 1162 (D. Haw. 2005).

That decision is the law of this case. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardon v. United States, 841 F.2d 993, 996 (9th Cir. 1988) (noting the exception where controlling authority, including an intervening decision of an intermediate appellate state court, has made a contrary decision of law on the same issues).

Under the law of this case, Liberty Mutual utilized a legal and acceptable means of evaluating Ms. Engle's claim for PIP benefits. Plaintiffs attempt to revisit that issue here in the hopes that they can cloud this Court's viewpoint with respect to Dr. Lau's credibility. Plaintiffs' negative inferences regarding Dr. Lau's proficiency are prejudicial to Liberty Mutual and defamatory to Dr. Lau, and are wholly inappropriate.

III.    CONCLUSION

For all the foregoing reasons, Liberty Mutual respectfully request this Court deny Plaintiff's (sic) Motion for an Order Compelling Clifford Lau, M.D. to Thoroughly Comply With Subpoena Duces Tecum and to Comply With Subpoena

to Attend an Oral Deposition.  In the alternative, Liberty Mutual respectfully requests that any order compelling Dr. Lau to provide discovery be limited to the discovery of information that is that is not protected by any privilege or privacy law and is relevant to the remaining issues in this case.

DATED:  Honolulu, Hawaii, February 2, 2007.

KENNETH J. MANSFIELD
ELIZABETH A. ROBINSON

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE
COMPANY