IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. 04 00256 (SOM) (BK)<br>(Other Civil Action)<br><br>**AFFIDAVIT OF HARVEY M. DEMETRAKOPOULOS**<br><br><br><br><br><br>Trial Week:  September 11, 2007 |

### AFFIDAVIT OF HARVEY M. DEMETRAKOPOULOS

1.   I am one of the attorneys for Plaintiff in this matter, and I make this affidavit based upon personal knowledge.

2.   A subpoena duces tecum was issued requiring the custodian of records from Dr. Lau to produce all records reviews and documents relating thereto between 2000 and 2006.  See Exhibit A.

3.   On September 21, 2006, Clifford K.H. Lau, M.D. was personally served with a subpoena to appear for his oral deposition.  See Exhibit B.

4.   On September 22, 2006, Dr. Lau's assistant, Kelly, called me and asked for a change in the date and time of the deposition. We agreed to accommodate a reasonable request to move the deposition, and invited a proposal from Dr. Lau.  See Exhibit C.  On September 26, 2006, a new date and time was proposed by Dr. Lau's assistant.  This was agreed to by us, and Defendant's counsel confirmed he was available at the new time as well. See Exhibit D.

5.   Also on September 26, 2006, a second call was received from Dr. Lau's assistant, Kelly.  In this second call she stated that Dr. Lau must be paid $1,000 per hour to comply with the subpoena and appear for a deposition.  I explained that we were not deposing Dr. Lau as an expert witness hired for litigation in a case, but as a fact witness.  She told me she would check on it.  She then called me back and said that Dr. Lau said that the same rates apply no matter why he is being deposed.  She also faxed us his "rate sheet", and said that payment must be received before they could schedule the deposition.  Until

payment was received, she stated, Dr. Lau would not appear at a deposition, despite being served with a subpoena.

6. This matter was raised with the defense counsel. See Exhibit E. However, as Dr. Lau is not a "party" to this action, there was nothing the defense could do to resolve the matter. On September 28, 2006, We sent a letter to Kelly putting off the deposition so that Dr. Lau's conditions could be dealt with. See Exhibit F.

7. It was then decided by Plaintiff to proceed with the custodian of records subpoena duces tecum deposition first, and then raise the matter with the court.

h8. Attached hereto as Exhibit A is a true and correct copy of the Subpoena Duces Tecum served upon the Custodian of Records for Dr. Lau.

9. Attached hereto as Exhibit B is a true and correct copy of the subpoena served upon Dr. Lau.

10. Attached hereto as Exhibits C, D, E, F and G are true and correct copies of letters written and faxed by the affiant.

11. Attached hereto as Appendix A is a true and correct copy of the condensed transcript of the Janaury 11, 2007 Testimony of Rhonalyn Hortizuela, with highlights added.

3

12. Attached hereto as Appendix B is a true and correct copy of the transcript of the October 27, 2006 testimony of Rhonalyn Hortizuela.

Further Affiant Sayeth Naught.

_____
HARVEY M. DEMETRAKOPOULOS

Subscribed and sworn to before me on this 6th day of March, 2007.

_____
Notary Public, State of Hawaii
Printed name: Nikki A.Y. Malani-Navarro

My commission expires: May 26, 2007

88.

4