

Of Counsel:
SHIM & CHANG

ROY K. S. CHANG        #1733-0
HARVEY M. DEMETRAKOPOULOS #5033-0
333 Queen Street, Suite 900
Honolulu, Hawaii    96813
Telephone No. (808)524-5803

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIARA ENGLE and PORTNER ORTHOPEDIC REHABILITATION, INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATION 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 04 00256 (SOM) (BK)<br>(Other Civil Action)<br><br>**SUBPOENA DUCES TECUM**<br><br>[RE: The Custodian of Records for Clifford Lau, MD, October 27, 2006 @ 9:00 a.m.]<br><br>Trial Week: September 11, 2007 |

SUBPOENA DUCES TECUM

TO:  Custodian of Records
     **Clifford K. H. Lau, M.D.**
     Queen's Physicians' Office
        Building II
     1329 Lusitana Street, Suite 501
     Honolulu, Hawaii  96819

EXHIBIT " A "

YOU ARE COMMANDED to appear before a Notary Public duly authorized by law to administer oaths on October 27, 2006 at 9:00 a.m. at Ralph Rosenberg Court Reporters, Inc., Bishop Square, 1001 Bishop Street, Suite 2460, Honolulu, Hawaii to produce, and permit copying of, the following documents:

1. Any and all reports and/or letters relating to or reflecting records reviews and/or independent medical examinations performed at the request of Liberty Mutual Fire Insurance Company. The names of the persons who were examined and/or whose records were reviewed may be redacted prior to the production of the documents covered by this subpoena. This category is for all responsive documents dated between January 1, 2000 and October 10, 2006.

2. Any and all records, whether printed, typed, or stored on a computer, indicating and/or reflecting all amounts paid by Liberty Mutual Fire Insurance Company for records reviews and/or independent medical examinations. This category is for all responsive records dated between January 1, 2000 and October 10, 2006.

3. Any and all correspondence to or from Liberty Mutual Fire Insurance Company relating to records reviews and/or independent medical examinations. This category is for all responsive documents dated between January 1, 2000 and October 10, 2006.

2

Disobedience of this subpoena may be punished as contempt by this Court.

DATED: Honolulu, Hawaii, _October 11, 2006_.

_____
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiff

RETURN OF SERVICE

On _____October 19_____, 2006, at o'clock 1:30 ⊕ M. , I served the within subpoena/subpoena duces tecum by delivering a copy to the within-named:

thru RHONALYN BALMORI, Receptionist

1329 Lusitania St #501 Hon, HI 96813

(address/location of service)

DATED: Honolulu, Hawaii, _____10/19/06_____.

Civil Deputy
Mark A. Peacock
NAME OF SERVER

_____
SIGNATURE

RULE 45.  Subpoena
Rules of Civil Procedure

(c)  Protection of Persons Subject to Subpoenas.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2